**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KANSAS EPA LABORATORY, LLC,

Plaintiff,

v. Case No. 04-2422-CM-DJW

KOLL CONSTRUCTION, L.P., et al.,

Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Clark Enersen Partners, Inc's ("Clark Enersen") Motion for Leave to File an Amended Fourth-Party Complaint against Hoefer Wysocki Architects, L.L.C. ("HWA") (doc. 92). HWA opposes the motion on grounds of futility. For the reasons set forth below, Clark Enersen's Motion to Amend will be granted.

## Issue Presented

Clark Enersen is a Third-Party Defendant in the primary lawsuit and is a Fourth-Party Plaintiff in the immediate controversy. Clark Enersen seeks to amend its Fourth-Party Complaint against HWA to include a count for contractual indemnification as allegedly set forth in the subcontract between Clark Enersen and HWA. HWA contends the amendment sought would be futile because, under the language of the subcontract, HWA did not indemnify Clark Enersen for the type of liability alleged.

## Applicable Law

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course or, after a responsive pleading has been filed, "only by leave of court or by written

consent of the adverse party; and leave shall be freely given when justice so requires."[1] The decision whether to grant leave to amend is within the discretion of the district court.[2] The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment.[3] A motion to amend may be denied as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[4] Clark Enersen's Motion to Amend, then, is governed by the standard for a motion to dismiss for failure to state a claim upon which relief can be granted.

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief,"[5][6] or when an issue of law is dispositive. The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor

---

[1]Fed.R.Civ.P. 15(a).

[2]*Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

[3]*Foman v. Davis,* 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[4]*Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990)

[5]*Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[6]*Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

of the plaintiff.[7] The issue in resolving such a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[8]

**Analysis**

The relevant portion of the subcontract between Clark Enersen and HWA is as follows:

> HWA carries Workers Compensation and General Liability Insurance. Certificates for such policies are available upon request. Within the limits and conditions of such policies, HWA agrees to indemnify and save [Clark Enersen] harmless from and against loss, damage, injury or liability arising from the negligent acts of HWA, its employees, officers and agents. HWA shall not be responsible for loss, damage, injury or liability beyond the amounts, limits and conditions of such insurance.[9]

Both Clark Enersen and HWA acknowledge that the subcontract offers indemnity according to a general liability insurance policy. Thus, under the language of the subcontract, Clark Enersen will prevail on its claim for indemnification if it can prove that the claim from which it seeks indemnification is covered under general liability or workers compensation insurance, or if it can prove the language and intent of the subcontract shows a promise by HWA to indemnify Clark Enersen on all claims rising from the negligent acts of HWA or its employees.

Given these circumstances, and viewing the evidence presented in a light most favorable to Clark Enersen, the Court finds there are facts that can be proven by Clark Enersen which would entitle it to relief under the contractual indemnification claim. Accordingly, Clark Enersen's Motion (doc. 92) is granted and

---

[7] *Beedle*, 422 F.3d at 1063.

[8] *Swierkiewicz v. Sorema N.A .*, 534 U.S. 506, 511 (2002) (quotation omitted); *accord Beedle*, 422 F.3d at 1063.

[9] *See* Hofefer Wysocki Architects's, L.L.C.'s Objection To The Clark Enersen Partners, Inc.'s Motion For Leave To File An Amended Fourth-Party Complaint at 5.

the referenced Amended Fourth-Party Complaint shall be electronically filed and served no later than **February 10, 2006**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 6th day of February, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties