IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS EPA LABORATORY, LLC,

      Plaintiff,

v.                                          Case No. 04-2422-CM-DJW

KOLL CONSTRUCTION, L.P., et al.,

      Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion to Strike Defendant Defendant Koll's Supplemental Expert Designation (doc. 161). For the reasons stated below, Plaintiff's Motion will be denied.

**Brief Facts**

Defendant Koll served its Fed. R. Civ. P. 26(a)(2) expert disclosures on October 31, 2005. These disclosures included a report from architect Eugene Holland, Defendant Koll's retained expert. On February 24, 2006, Defendant Koll served a supplement to Mr. Holland's report, which incorporates additional opinions based on a further review of evidence by Mr. Holland. Plaintiff moves to strike the supplemental report on the following procedural grounds: (1) the report is untimely; and (2) the report is not supplemental in nature at all, but instead expresses brand-new opinions regarding the cause of the damage to the flooring at issue in this lawsuit.

**Discussion**

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. It provides, in relevant part, that a party must disclose any person whom it plans to use at trial to present expert

evidence.[1] The expert must submit a report that "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor."[2] The rule requires that the expert include the data or other information considered, any exhibits to be used as a summary of or support for the opinions, qualifications of the expert, compensation paid and a listing of prior testimony.[3] The report permits a party to "set forth the substance of the direct examination" of the expert witness well in advance of the trial.[4] The rules also include sanctions for insufficient disclosures.[5] Where a party may have provided inadequate or untimely disclosure, the court may preclude that witness from testifying as to specific opinions not previously disclosed in the report. [6]The court may also impose other sanctions it deems appropriate including reasonable expenses.[7]

Upon review of the circumstances presented, the Court finds Defendant Koll's supplemental expert disclosure was timely and properly supplemented the original report; thus, imposition of sanctions upon Defendant Koll is inappropriate. As a preliminary matter, the rules contemplate periodic supplementation, providing for both an update of the information contained in the report

---

[1] Fed. R. Civ. P. 26(a)(2)(A).

[2] Fed. R. Civ. P. 26(a)(2)(B).

[3] *Id.*.

[4] *BNSF Ry. Co. v. Board of Cty. Comm'rs of Sumner Cty., Kansas,* No. 04-2395-JTM, 2005 WL 1944770, at *1 (D. Kan. Aug. 12, 2005) (citing *Schmitt v. Beverly Health and Rehabilitation Services, Inc.*, No. Civ. A 96-2537-EEO, 1997 WL 728133, at *3 (D. Kan. Nov.19, 1997) (citing *Robinson v. Missouri Pac. R.R.*, 16 F.3d 1083, 1089 n. 6 (10th Cir.1994); Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993 amend.))).

[5] Fed.R.Civ.P. 37(c)(1).

[6] *Id.*

[7] *Id.*

and the information provided through deposition of the expert testimony.[8] These supplements are required and due as provided under Fed. R. Civ. P. 26(a)(3).

Defendant Koll states the February 3, 2006 deposition of Plaintiff's representative Rick Baier clarified issues related to (1) the impact of buffing and heating on the flooring; and (2) Chuck Bryant's role in the heating and buffing of the floor. The supplemental report was written by Mr. Holland approximately three weeks after Mr. Baier's deposition. Counsel for Defendant Koll sent Plaintiff's counsel the supplemental report two days after it was written and two weeks before Mr. Holland's deposition. Although counsel for Defendant Koll offered to reschedule Mr. Holland's deposition, Plaintiff declined the offer and went forward with the deposition, wherein Mr. Holland was questioned about the opinions set forth in the supplemental report. Plaintiff requested, and Defendant consented to, additional time for Plaintiff to designate rebuttal experts. Finally, the supplemental report was served almost an entire year before the scheduled January 2007 trial in this matter.

Simply put, there is no evidence that Plaintiff suffered any prejudice as a result of the supplemental expert disclosure. Moreover, and pursuant to Fed. R. Civ. P. 26(a)(3), the supplemental expert disclosure was timely. Finally, the Court finds the supplemental expert report properly supplemented the original report, which addresses issues related to causation of the damaged flooring.

For these reasons, Plaintiff's Motion to Strike (doc. 161) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 16th day of May, 2006.

---

[8] Fed. R. Civ. P. 26(e)(1); *Majewski v. Southland Corp.*, 170 F.R.D. 25, 26 (D. Kan. 1996).

                                              s/ David J. Waxse
                                              David J. Waxse
                                              United States Magistrate Judge

cc:    All counsel and *pro se* parties