## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KANSAS EPA LABORATORY, LLC,

      Plaintiff,

v.                                  Case No.  04-2422-JAR-DJW

KOLL CONSTRUCTION, L.P., et al.,

      Defendants.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant Koll's Motion to File Second Amended Answer (doc. 230).  For the reasons set forth below, the Motion will be granted.

### Factual and Procedural Background

In December 2000, Defendant Koll entered into a contract to design and build a building for Plaintiff.  Thereafter, Defendant Koll entered into subcontracts with various other entities.  Although Koll's subcontractors allegedly completed construction of the building in April 2003, there were outstanding claims remaining between Plaintiff and Defendant Koll with regard to the building project.  On April 22, 2003, Plaintiff and Defendant Koll entered into a Release Agreement with regard to outstanding claims.  On September 8, 2004, Plaintiff filed this lawsuit alleging, among other things, that Defendant Koll defectively designed and/or constructed its building.

Defendant Koll filed its Answer to Plaintiff's original Complaint on October 26, 2004. Thereafter, Plaintiff filed an Amended Complaint and Defendant Koll answered. Defendant Koll subsequently amended its Answer to assert affirmative defenses of accord and satisfaction based on the April 2003 Release Agreement.  In the current Motion, Defendant Koll again seeks leave to amend its Answer, this time to assert that any claim by Plaintiff for consequential damages (i.e., lost

rent) are barred by a provision in the original contract whereby the parties agree that consequential damages are not recoverable. Plaintiff opposes the motion on grounds that the request is untimely.

## Applicable Law

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course or, after a responsive pleading has been filed, "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] The decision whether to grant leave to amend is within the discretion of the district court.[2] The court may justifiably refuse leave to amend on the grounds of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment.[3]

## Analysis

Defendant Koll requests leave to amend its affirmative defenses to assert that any claim by Plaintiff for consequential damages (i.e., lost rent) are barred by a provision in the original contract stating that consequential damages are not recoverable. Plaintiff states that this is not a new affirmative defense, but merely a clarification of a previously asserted affirmative defense that Plaintiff failed to satisfy conditions precedent necessary before filing this lawsuit. Defendant Koll states this clarification is necessary in light of Plaintiff's representation at the August 22, 2006 pretrial conference that Plaintiff may seek certain consequential contract damages against Defendant Koll. Plaintiff disagrees with Defendant Koll's characterization of the amendment as a clarification

---

[1]Fed. R. Civ. P. 15(a).

[2]*Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

[3]*Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

and argues Defendant Koll is untimely seeking to include a new affirmative defense in its responsive pleading.

As a preliminary matter, the Court finds it unnecessary to determine whether the proposed affirmative defense alleging a contractual bar to consequential damages clarifies an existing affirmative defense or states a new affirmative defense.  This is because the Court finds Defendant Koll's request to amend the Answer is not the result of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility of the proposed amendment.

First, the affirmative defense Defendant Koll seeks to add to its answer is premised on the very contract at the heart of this lawsuit.  There is no surprise or prejudice.  Moreover, Defendant Koll sought to amend immediately after the factual and legal issues for trial were discussed and clarified in the pretrial conference.  Thus, there has been no undue delay, bad faith or dilatory motive.  Finally, and most importantly, this Court embraces the long-favored principle that cases should be tried on the merits rather than the technicalities of pleadings. In *Foman v. Davis*, the leading case upon questions regarding Rule 15, the United States Supreme Court directs that "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper [defense], [it] ought to be afforded an opportunity to [present its defense] on the merits."[4] Such is the case here.

For these reasons, Defendant Koll's Motion (doc. 230) is granted and the referenced Amended Answer shall be electronically filed and served no later than **November 7, 2006.**

IT IS SO ORDERED.

---

[4]*Foman*, 371 U.S. at 182.

Dated in Kansas City, Kansas on this 6th day of November, 2006.


                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge

cc:      All counsel and *pro se* parties